## Ostheimer's Estate

*Brooks, Curtze & Silin,* for estate of Emma Ostheimer.

*R. L. Roberts,* for Marine National Bank, administrator d. b. n. c. t. a.

*Gunnison, Fish, Gifford & Chapin,* for Blanche B. Ostheimer.

WAITE, P. J., September 1, 1936.—This matter is now before the court on exceptions by the executors to the opinion and order of July 3, 1936: Ostheimer's Estate, 28 D. & C. 624.

After listening to the able argument of counsel for exceptants and a careful reëxamination of the will and the authorities cited, we are not convinced that error was committed. All of the "above bequests" referred to in the ninth paragraph of the will and embraced in the second

to the eighth paragraphs, inclusive, are bequests. The gift to the wife, Blanche Ostheimer, set forth in the second paragraph is one of the "above bequests" and is nonetheless a bequest even though it is given and devised as well as bequeathed.

The distinction which counsel makes between a bequest and a legacy is in our opinion not applicable to the facts in this case. The tendency of the courts is not to make such a distinction unless such intent is clearly shown by the language of the will.

In the instant case a contrary intent is clearly shown by the words of the ninth clause of the will relative to the payment of inheritance taxes, when the testator directs:

"All of the above bequests are to be free and clear of any transfer inheritance taxes imposed thereon, and I direct that said transfer inheritance taxes should be paid out of my estate so that each legatee shall receive in full the full legacy bequeathed by the preceding paragraphs of this will."

The gift to the widow may in general be termed either a devise, a bequest or a legacy although the estate includes both real and personal property.

We cannot agree with the argument of counsel for exceptants urging the limitation of the word "estate" as used in this will to the net estate. Especially is this so relative to the bequest to the widow contained in the second paragraph of the will, as follows:

"I give, devise and bequeath unto my beloved wife, Blanche B. Ostheimer, one-half of my entire estate."

There might be some force to counsel's argument if the word "estate" stood alone. But when testator specifies "one-half of my entire estate" he manifestly intends just what he says, that she shall receive one half of the *entire* estate, that is to say, before any deductions whatever are made or taken away. This view is further supported by the words of the ninth paragraph above quoted relative to the payment of the transfer inheritance taxes so that each legatee is to receive "in full the full legacy be-

queathed by the preceding paragraphs of this will." These words are clear and unambiguous and, as has been often said, it is a rule of common sense as well as of law not to attempt to construe that which needs no construction. A court is not at liberty to construe the clear and unambiguous language of a will in such a manner as to make a bequest, devise, or legacy conform to the intestate laws of the Commonwealth where no such intent is manifest. Petty's Estate (No. 1), 311 Pa. 362, cited and relied on by exceptants, is in full accord with the conclusions we have reached. See also Murdoch's Appeal, 31 Pa. 47, and Elmore's Estate, 292 Pa. 571. We are also impelled to hold that the words "any transfer inheritance taxes", as used by testator in the said ninth paragraph of the will, includes both State and Federal transfer taxes, since otherwise each legatee would not "receive in full the full legacy bequeathed by the preceding paragraphs" as the will specifically provides.

However, in view of the fact that the administration has already been in process for nearly four years, that the final settlement of the estate may extend over an additional period of years, and that the widow is to receive a major portion of the estate, we are of opinion that equitably her bequest or legacy should pay its proportionate part of the fees, costs, and expenses of the administration of the estate, and the former order is therefore modified to that extent. The other exceptions are dismissed.

## Order

And now, to wit, September 1, 1936, the order of July 3, 1936, is modified, and it is directed that the proportionate part of the fees, costs, and expenses of the administration of this estate be paid out of the bequest or legacy to Blanche B. Ostheimer, the widow, until such time as said legacy is fully paid and discharged, said legacy not to be chargeable with any fees, costs, or expenses incident to any trust or trusts referred to or created by the will.